# MATTER OF A-A-

## In Deportation Proceedings

## A-37007541

### *Decided by Board May 15, 1992*

(1) The term "aggravated felony," as defined in section 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43) (Supp. II 1990), encompasses all convictions described therein whether conviction occurred on, before, or after the date of enactment of the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181 (enacted Nov. 18, 1988), with the exception of the crimes that were introduced into the aggravated felony definition by the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 (effective Nov. 29, 1990), which are defined as aggravated felonies only if committed on or after November 29, 1990, and unless otherwise limited in its application under a separate provision of the Immigration and Nationality Act.

(2) The statutory bar to relief found in section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. II 1990), added by the Immigration Act of 1990, and further amended by the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733 (enacted Dec. 12, 1991), barring relief to an alien convicted of one or more aggravated felonies who served for such felony or felonies a term of imprisonment of at least 5 years, applies to all aggravated felony convictions, as defined in section 101(a)(43) of the Act, regardless of when conviction occurred, with the exception of the crimes added to the aggravated felony definition by the Immigration Act of 1990, which are aggravated felonies only if committed on or after November 29, 1990.

(3) The Attorney General has determined that the effective date language of section 511(b) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5052, stating that the statutory bar of section 212(c) of the Act "shall apply to admissions occurring after the date of the enactment of [the 1990] Act," refers to applications for such relief submitted after November 29, 1990, whether at a port of entry before a district director or in subsequent proceedings before an immigration judge.

(4) Both the statutory bar of section 208(d) of the Act, 8 U.S.C. § 1158(d) (Supp. II 1990), barring an alien convicted of an aggravated felony from applying for or being granted asylum, and the amendment to section 243(h)(2) of the Act, 8 U.S.C. § 1253(h)(2) (Supp. II 1990), providing that an alien convicted of an aggravated felony shall be considered to have committed a particularly serious crime, attach to all aggravated felony convictions, whether entered before, on, or after November 29, 1990—except as that term relates to the crimes added to the aggravated felony definition by the Immigration Act of 1990, which are aggravated felonies only if committed on or after November 29, 1990—and apply to all applications for asylum and withholding of deportation made on or after November 29, 1990. *Matter of U-M-*, 20 I&N Dec. 327 (BIA 1991), *aff'd*, 989 F.2d 1085 (9th Cir. 1993), superseded.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. § 1251(a)(4)]—Crime involving moral
turpitude

Lodged: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspec-
tion

ON BEHALF OF RESPONDENT:                  ON BEHALF OF SERVICE:
Pro se                                    William K. Zimmer
                                          General Attorney

BY:  Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members


On September 13, 1991, an immigration judge found the respon-
dent deportable under section 241(a)(4) of the Immigration and
Nationality Act, 8 U.S.C. § 1251(a)(4) (1988),[1] as an alien convicted
of a crime involving moral turpitude within 5 years after entry.[2] The
immigration judge determined that the respondent, having been
convicted of murder, and, hence, a "particularly serious crime," was
precluded under 8 C.F.R. § 208.14(c)(1) (1991) from qualifying for
asylum as provided in section 208(a) of the Act, 8 U.S.C. § 1158(a)
(1988). The immigration judge also concluded for this same reason
that the respondent was ineligible for withholding of deportation
pursuant to section 243(h)(2)(B) of the Act, 8 U.S.C. § 1253(h)(2)(B)
(1988). On the other hand, the immigration judge found the respon-
dent qualified to apply for a waiver of inadmissibility under section
212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. II 1990), but ultimately
denied relief in the exercise of discretion and ordered the respondent
deported to El Salvador. Dissatisfied with the outcome of his case, the
respondent appealed. The appeal will be dismissed.

The respondent is a 48-year-old native and citizen of El Salvador
who was admitted to the United States on May 7, 1982, as a lawful
permanent resident. On June 20, 1985, the respondent was convicted
in the 262d District Court of Harris County, Texas, of murder and was
sentenced to a 20-year term of imprisonment, with credit for 185 days

_____

[1] This section of the Act has been revised and redesignated as section 241(a)(2)(A)(i) of
the Act, 8 U.S.C. § 1251(a)(2)(A)(i) (Supp. II 1990), by section 602(a) of the
Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5079, but that
amendment does not apply to deportation proceedings for which notice has been
provided to the alien before March 1, 1991. See section 602(d) of the Immigration Act of
1990, 104 Stat. at 5082.

[2] We note that the respondent was also charged with deportability for entry without
inspection under section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2) (1988). However,
the Service withdrew this charge in the earlier proceedings, and it forms no basis for the
respondent's deportability here.

already served. Accordingly, the respondent has been incarcerated since December 1984.

Pursuant to an Order to Show Cause and Notice of Hearing (Form I-221) issued by the Immigration and Naturalization Service on November 28, 1988, three hearing sessions were conducted in this case in 1991. During these hearings, the Service introduced a court-certified record of the respondent's 1985 conviction, to which there was, and presently is, no dispute. On this evidence, the Board is satisfied that deportability under section 241(a)(4) of the Act has been established by clear, unequivocal, and convincing evidence as required by *Woodby v. INS*, 385 U.S. 276 (1966), and 8 C.F.R. § 242.14(a) (1992). *See Matter of Sanchez-Linn*, 20 I&N Dec. 362 (BIA 1991); *Matter of Awaijane*, 14 I&N Dec. 117 (BIA 1972).

In his decision, the immigration judge found that the respondent's crime of murder was, on its face, a "particularly serious crime," rendering the respondent ineligible for asylum under 8 C.F.R. § 208.14(c)(1) (1991)[3] and for withholding of deportation under section 243(h)(2)(B) of the Act. The immigration judge ruled, however, that the respondent was eligible for a waiver under section 212(c) of the Act and permitted him to apply for this form of relief. In so doing, the immigration judge rejected the Service's contention that the respondent—having been convicted of an aggravated felony, and having already served more than 5 years for that offense—was statutorily barred from section 212(c) relief. The immigration judge reasoned that, since the respondent was convicted before the enactment of the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181 (enacted Nov. 18, 1988) ("1988 Act"), which first introduced the term "aggravated felony" to the Immigration and Nationality Act, the respondent's murder conviction was not an aggravated felony bringing him within the reach of the statutory bar of section 212(c) of the Act. We disagree and are thus presented with an opportunity to address the issue of when a conviction must occur to be classified as an "aggravated felony" under section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1988 & Supp. II 1990).[4]

---

[3]The regulation at 8 C.F.R. § 208.14(c)(1) (1991) provided for the mandatory denial of an application for asylum of an alien who, having been convicted by a final judgment of a particularly serious crime in the United States, constitutes a danger to the community.

[4]We note, as a preliminary matter, that if the respondent were convicted today, his murder conviction would no doubt be an aggravated felony for purposes of the immigration laws. The disagreement the Board has with the immigration judge's decision is not over the character of the crime that was committed, but rather over the effective date of the relevant aggravated felony provisions now contained in the Act.

## APPLICABILITY OF THE DEFINITION OF AGGRAVATED FELONY

In all cases involving statutory construction, the starting point must be the language employed by Congress, and it is assumed that the legislative purpose is expressed by the ordinary meaning of the words used. *INS v. Cardoza-Fonseca,* 480 U.S. 421, 431 (1987); *INS v. Phinpathya;* 464 U.S. 183, 189 (1984). We therefore begin our analysis with the term "aggravated felony," which was introduced into the Act by section 7342 of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4469-70.[5] As enacted, section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1988), provided:

> The term "aggravated felony" means murder, any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code, or any illicit trafficking in any firearms or destructive devices as defined in section 921 of such title, or any attempt or conspiracy to commit any such act, committed within the United States.

No effective date, however, was given to this definitional provision. Neither section 7342 nor any other provision of the 1988 Act included language specifying whether the term "aggravated felony" applied only to convictions occurring on or after November 18, 1988, the enactment date of the 1988 Act, or whether it also applied to convictions that occurred before that date.

Included in the Anti-Drug Abuse Act of 1988, however, were several provisions that attached specific immigration consequences (or so-called disabilities) to those convicted of aggravated felonies. These disabling provisions make clear—through necessary implication—that the aggravated felony definition was meant to apply to convictions that occurred before the enactment date of the 1988 Act.

Section 7345 of the 1988 Act, 102 Stat. at 4471, for example, enhanced the criminal penalties for the premature reentry of an alien "whose deportation was subsequent to a conviction for commission of an aggravated felony." Found at section 276(b)(2) of the Act, 8 U.S.C. § 1326(b)(2) (1988), these enhanced penalties consist of a fine under title 18, United States Code, imprisonment of not more than 15 years, or both. *See* section 7345(a) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4471. These penalties are applicable to "any alien who enters, attempts to enter, or is found in, the United States *on or after* the date of enactment of [the 1988] Act." Section 7345(b) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4471 (emphasis added). For an alien reentering the United States on November 18, 1988, to be subject to these criminal penalties, the alien would need to have suffered a

---

[5]The Anti-Drug Abuse Act of 1988 was submitted without a Senate or House Report. *See* 1988 U.S.C.C.A.N. 5937.

conviction and deportation before November 18, 1988. It would be virtually impossible for an alien convicted of an aggravated felony to reenter or be found in the United States on the date of enactment unless the definition of aggravated felony included convictions occurring before that date.

To further illustrate, section 7346(a) of the 1988 Act, 102 Stat. at 4471, broadened the class of persons amenable to the criminal sanctions under section 277 of the Act, 8 U.S.C. § 1327 (1988). This newly defined class includes "[a]ny person who knowingly aids or assists any alien excludable under section 212(a)(9), (10), (23) (insofar as an alien excludable under any such paragraph has in addition been convicted of an aggravated felony)." Section 277 of the Act.[6] This amendment was made applicable to "any aid or assistance which occurs *on or after* [November 18, 1988]." Section 7346(b) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4471 (emphasis added). We note that if the aggravated felony definition were not retroactive, then no person in this new class could be sanctioned for aiding an aggravated felon to enter this country on November 18, 1988, since no alien could have been convicted of an aggravated felony before that date. This disabling provision, therefore, implicitly recognizes convictions that occurred before the 1988 Act was enacted.

Similarly, section 7349 of that Act, 102 Stat. at 4473, increased from 5 to 10 years the bar to reentry (following deportation or removal) of an alien convicted of an aggravated felony. *See* section 212(a)(17) of the Act, 8 U.S.C. § 1182(a)(17) (1988).[7] This 10-year bar was made applicable to an aggravated felon "who seeks admission to the United States *on or after* the date of the enactment of [the 1988] Act." Section 7349(b) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4473 (emphasis added). For this bar to apply to an alien who arrives in the United States *on* November 18, 1988, it obviously requires a preexisting conviction for an aggravated felony.[8] Section 7349, there-

---

[6] As amended by section 7346 of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4471, section 277 of the Act provided that such persons "shall be guilty of a felony and upon conviction thereof shall be punished by a fine of not more than $5,000 or by imprisonment for not more than five years, or both." These penalties were subsequently changed by section 543(b)(4) of the Immigration Act of 1990, 104 Stat. at 5059, to a fine under title 18, United States Code and/or imprisonment of not more than 10 years.

[7] Revised and redesignated as section 212(a)(6)(B) of the Act, 8 U.S.C. § 1182(a)(6)(B) (Supp. II 1990), by section 601(a) of the Immigration Act of 1990, 104 Stat. at 5073, and further revised without relevant alteration by section 307(a)(7) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1754 (enacted Dec. 12, 1991) ("1991 Amendments").

[8] This 10-year reentry bar applicable to aggravated felons was extended to 20 years, but only to admissions occurring on or after January 1, 1991. Sections 514(a) and (b) of

fore, also tacitly recognizes convictions that predate the enactment of the Anti-Drug Abuse Act of 1988.

Moreover, we note that where Congress desired to limit the reach of a disabling provision in the 1988 Act to certain aggravated felons—such as those convicted only on or after a certain date—it expressly did so.

For example, as enacted by section 7344(a) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4470-71, section 241(a)(4)(B) of the Act, 8 U.S.C. § 1251(a)(4)(B) (1988),[9] renders deportable any alien "convicted of an aggravated felony at any time after entry." Congress explicitly stated that this deportation ground would only be prospectively applied to an alien "convicted, on or after the date of the enactment of [the 1988] Act, of an aggravated felony." Section 7344(b) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4471.

Limiting language similar to that noted above was also included in section 7343 of the 1988 Act, 102 Stat. at 4470. In relevant part, section 7343 added to the Act sections 242(a)(2)[10] and 244(e)(2),[11] 8 U.S.C. §§ 1252(a)(2) and 1254(e)(2) (1988). These newly added sections were also given prospective application, applying only to aliens "convicted, on or after the date of the enactment of [the 1988] Act, of an aggravated felony." Section 7343(c) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4470.

Likewise, section 7347 of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4471-72, which introduced into the Act expedited deportation procedures for aggravated felons, was also made applicable only to aliens "convicted of an aggravated felony on or after the date of the enactment of [the 1988] Act." Section 7347(c) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4472 (codified at section 242A of the Act, 8 U.S.C. § 1252a (1988)).[12]

---

the Immigration Act of 1990, 104 Stat. at 5053; see also section 601(a) of the Immigration Act of 1990, 104 Stat. at 5073.

[9] Revised and redesignated as section 241(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1251(a)(2)(A)(iii) (Supp. II 1990), by section 602(a) of the Immigration Act of 1990, 104 Stat. at 5080.

[10] Section 242(a)(2) of the Act directed the Attorney General to "take into [and not release from] custody any alien convicted of an aggravated felony upon completion of the alien's sentence for such conviction." This provision was substantially revised by section 504 of the Immigration Act of 1990, 104 Stat. at 5049-50, and further corrected by section 306 of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, 105 Stat. at 1751.

[11] Section 244(e)(2) of the Act renders ineligible for voluntary departure "any alien who is deportable because of a conviction for an aggravated felony."

[12] These procedures were subsequently revised in part by section 506 of the Immigration Act of 1990, 104 Stat. at 5050. See section 242A(d)(2) of the Act, 8 U.S.C. § 1252a(d)(2) (Supp. II 1990).

497

If the term "aggravated felony" only encompassed convictions occurring on or after November 18, 1988, then the prospective language found in these sections of the 1988 Act, placing limits on their retroactivity, would be redundant.[13] These sections, therefore, present clear instances of the desire of Congress to restrict the scope of a disabling provision to recent convictions that would otherwise apply to all convictions because of the temporally unlimited language of the aggravated felony definition itself.[14]

Moreover, had Congress intended to give the definitional provision of section 7342 of the 1988 Act a similar prospective application, it clearly knew how to do so, and could have readily done, had it so desired. Congress did not, however, choosing instead to exclude any such limiting language from the core definition. See Russello v. United States, 464 U.S. 16, 23 (1983) ("'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" (quoting United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972))); see also INS v. Cardoza-Fonseca, supra, at 432.

It is thus clear to this Board that the 1988 aggravated felony definition was not limited only to convictions occurring on or after the date of the enactment of the Anti-Drug Abuse Act of 1988. It is further evident to us that the term "aggravated felony," which was originally defined as "murder, any drug trafficking crime defined in section 924(c)(2) of title 18, United States Code, or any illicit trafficking in any firearms or destructive devices as defined in section 921 of such title, or any attempt or conspiracy to commit any such act, committed within the United States," applies equally to all such convictions whether occurring on, before, or after November 18, 1988. Section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1988).

Unlike the definitional provision of section 7342 of the 1988 Act, which was given no effective date, all of the disabling provisions of that Act, which attached immigration consequences to those convicted

---

[13] It is a basic rule of statutory construction that no provision of law should be so construed as rendering a word or clause surplusage. See Kungys v. United States, 485 U.S. 759 (1988); Colautti v. Franklin, 439 U.S. 379 (1979); Jarecki v. G.D. Searle & Co., 367 U.S. 303 (1961).

[14] In addition, although not specifically an "aggravated felony" provision, section 7348 of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4473, which expanded the types of weapons violations that would render an alien deportable under section 241(a)(14) of the Act, 8 U.S.C. § 1251(a)(14) (1988), was also made applicable only to aliens with recent convictions. Section 7348 of the 1988 Act provided that its amendments would only apply to aliens "convicted, on or after the date of the enactment of [the 1988] Act, of possessing any firearm or destructive device referred to in such subsection." See section 7348(b) of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4473.

of aggravated felonies, contained their own effective dates. Thus, under the 1988 Act, a crime defined in section 7342 is an aggravated felony no matter when conviction occurs, although its immigration consequences will vary according to the effective dates of each of the disabling provisions. Accordingly, where Congress attaches disabilities to an alien convicted of an aggravated felony, those disabling provisions are properly read as including all such convictions, regardless of when conviction occurs, unless Congress explicitly provides otherwise.[15]

Section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. II 1990), currently defines the term "aggravated felony" to include

> murder, any illicit trafficking in any controlled substance (as defined in section 802 of Title 21), including any drug trafficking crime as defined in section 924(c)(2) of Title 18, or any illicit trafficking in any firearms or destructive devices as defined in section 921 of such title, *any offense described in section 1956 of Title 18 (relating to laundering of monetary instruments), or any crime of violence (as defined in section 16 of Title 18, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years, or any attempt or conspiracy to commit any such act,*. [sic] Such term applies to offenses described in the previous sentence whether in violation of Federal or State law and also applies to *offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous 15 years.*
> (Emphasis added.)

*See* section 501(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5048 (effective Nov. 29, 1990) ("1990 Act").

In stark contrast to the plain language of the 1988 aggravated felony definition which included no time limitation, the 1990 Act explicitly provides that the newly added crimes—money laundering, nonpolitical crimes of violence, and certain crimes in violation of foreign law (as underscored above)—are aggravated felonies only if "committed on or after the date of the enactment of [the 1990] Act." Section 501(b) of the Immigration Act of 1990, 104 Stat. at 5048.[16] Congress therefore saw fit to limit the scope of the aggravated felony definition in 1990 only with respect to the newest group of crimes. The temporally unlimited language of the original definition, however, was left alone.[17]

---

[15] *See, e.g.,* sections 7343, 7344, and 7347 of the Anti-Drug Abuse Act of 1988, 102 Stat. at 4470-72.

[16] The aggravated felony definition, as amended, includes "any illicit trafficking in any controlled substances" and encompasses offenses "whether in violation of Federal or State law." Section 501(a) of the Immigration Act of 1990, 104 Stat. at 5048. These particular amendments were made effective "as if included in the enactment of section 7342 of the Anti-Drug Abuse Act of 1988." Section 501(b) of the Immigration Act of 1990, 104 Stat. at 5048.

[17] The 1991 Amendments did not make any substantive changes to the aggravated felony definition; only a punctuation error in the text of the definition was corrected. *See*

In sum, unless otherwise limited in its application under a specific section of the Act, the definition of aggravated felony attaches retroactively to all convictions described therein, whether occurring before, on, or after November 18, 1988. The only exceptions to this rule are the offenses (money laundering, crimes of violence, and foreign law violations) that were introduced into the definition by the 1990 Act. They are defined as aggravated felonies only if they are committed on or after November 29, 1990.[18]

The crime of murder is therefore an aggravated felony no matter when conviction occurs. Consequently, notwithstanding the fact that the conviction at issue in this case occurred in 1985, the respondent here, having been convicted of murder, has been convicted of an aggravated felony.

## APPLICABILITY OF SECTION 212(c) OF THE ACT AS AMENDED

The respondent in this case has continuously lived in the United States as a lawful permanent resident for over 9 years and is deportable under a deportation provision analogous to the exclusion ground at section 212(a)(9) of the Act, 8 U.S.C. § 1182(a)(9) (1988).[19] The

---

section 306(a)(1) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, 105 Stat. at 1751.

[18] In *Ayala-Chavez v. INS*, 945 F.2d 288 (9th Cir. 1991), the United States Court of Appeals for the Ninth Circuit addressed this same issue, but in the context of whether section 513(a) of the Immigration Act of 1990, 104 Stat. at 5052, which eliminated automatic stays of deportation pending judicial review for aliens convicted of aggravated felonies, applied to an alien in deportation proceedings convicted of two counts of complicity in the sale of cocaine before November 18, 1988. At the time, section 513 of the 1990 Act did not state when a conviction must occur for an alien to be brought within its reach. Presuming Congress intended to apply the aggravated felony definition prospectively in deportation proceedings, but retroactively in the context of exclusion proceedings, the Ninth Circuit concluded that the removal of the automatic stay for aggravated felons applied only to those felons convicted on or after November 18, 1988. Since the Ninth Circuit's decision in that case, Congress enacted the 1991 Amendments, which amended in pertinent part section 513(b) of the 1990 Act, 104 Stat. at 5052, by providing that the elimination of such stays would "apply to convictions entered before, on, or after [November 29, 1990]." Section 306(a)(11)(B) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, 105 Stat. at 1751. This correction took effect as if included in the 1990 Act. *See* section 310 of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, 105 Stat. at 1759. The Ninth Circuit's holding in *Ayala-Chavez* has thus been superseded by the 1991 Amendments, and the court's theory of the case is now of questionable validity. *See Arthurs v. INS*, 959 F.2d 142 (9th Cir. 1992); *Ignacio v. INS*, 955 F.2d 295 (5th Cir. 1992).

[19] Revised and redesignated as section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (Supp. II 1990), by section 601(a) of the Immigration Act of 1990, 104 Stat. at 5067-68.

respondent is therefore not disqualified from relief under section 212(c) of the Act on this account and would be eligible for further consideration of relief but for the recent amendments to the Immigration and Nationality Act barring such relief to certain aliens convicted of aggravated felonies. *See Matter of Cerna*, 20 I&N Dec. 399 (BIA 1991), *aff'd*, 979 F.2d 212 (11th Cir. 1992); *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993).

Section 511(a) of the Immigration Act of 1990, 104 Stat. at 5052, amended section 212(c) of the Act by rendering ineligible for a waiver under that section any alien "who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years." Congress specified that this statutory bar was to be virtually immediate, applying to all "admissions occurring after the date of the enactment of [the 1990] Act." Section 511(b) of the Immigration Act of 1990, 104 Stat. at 5052.

The language of this statutory bar was subsequently corrected by section 306(a)(10) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. at 1751 (enacted Dec. 12, 1991) ("1991 Amendments"), to now bar section 212(c) relief to any alien "who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years."[20] This revised language was made effective "as if included in the enactment of the Immigration Act of 1990." Section 310 of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, 105 Stat. at 1759.[21]

Pursuant to his authority under section 103(a) of the Act, 8 U.S.C. § 1103(a) (1988), the Attorney General promulgated a regulation governing the filing of applications for section 212(c) relief under the amended Act. *See* 8 C.F.R. § 212.3 (1992). Issued 2 months before the enactment of the 1991 Amendments, this regulation parrots the language of the statutory bar as enacted by the 1990 Act. The regulation directs a district director or immigration judge to deny an

---

[20] The time served for such felonies, therefore, can be aggregated. Consequently, if the total time an alien serves for any or all such felonies is at least 5 years, then that alien will be disqualified from relief under section 212(c) of the Act.

[21] Although this Act was not yet enacted when the immigration judge rendered his decision in this case, the revised language of the statutory bar will be applied here. An application for relief from deportation is a continuing one, and the law to be applied is that existing at the time the final administrative decision is made. *See Ziffrin v. United States*, 318 U.S. 73 (1943); *Matter of U-M-*, 20 I&N Dec. 327 (BIA 1991), *aff'd*, 989 F.2d 1085 (9th Cir. 1993); *Matter of Lok*, 18 I&N Dec. 101 (BIA 1981), *aff'd on other grounds*, 681 F.2d 107 (2d Cir. 1982). Since a final administrative decision has yet to be rendered in this case on appeal, this Board will apply the law existing at the time of our review regarding the respondent's eligibility for relief.

application for advance permission to enter under section 212(c) of the Act if the alien has been convicted of an aggravated felony, as defined by section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. II 1990), and has served a term of imprisonment of at least 5 years for such conviction. *Id.*

In the supplementary information published with the regulation, the Attorney General made clear that "under the prevailing interpretation, the phrase 'shall apply to admissions' as used in section 511(b) of [the 1990 Act] refers to all applications for relief pursuant to section 212(c) of the Act submitted after November 29, 1990, whether at a port of entry or in subsequent proceedings before a district director or Immigration Judge." 56 Fed. Reg. 50,033-34 (1991) (supplementary information).[22] The Attorney General has thereby determined that the statutory bar to section 212(c) relief shall apply only to those applications submitted after November 29, 1990. We are therefore bound by his determination in this regard.[23]

Neither the 1990 Act nor the 1991 Amendments, however, specified when a conviction must occur to be classified as an aggravated felony for purposes of this statutory bar. It is our view, therefore, that as the aggravated felony definition applies retroactively—except as it relates to the newest crimes added by the 1990 Act which have their own time limitation—the aggravated felony bar of section 212(c) is properly read as applying to all convictions deemed within the original aggravated felony definition, so long as the application for relief under section 212(c) is submitted after November 29, 1990.[24]

We therefore determine that the respondent's 212(c) application

---

[22]The supplementary information accompanying the regulation clarified that this interpretation of the phrase, "shall apply to admissions," is consistent with the long-established view of the Attorney General and the federal courts that an application for section 212(c) relief filed in the context of deportation proceedings is equivalent to one made at the time an alien physically seeks admission into the United States. *See* 56 Fed. Reg. 50,033 (1991) (supplementary information); *see also Tapia-Acuna v. INS*, 640 F.2d 223 (9th Cir. 1981); *Francis v. INS*, 532 F.2d 268 (2d Cir. 1976); *Matter of Hernandez-Casillas, supra; Matter of Smith*, 11 I&N Dec. 325 (BIA 1965); *Matter of S-*, 6 I&N Dec. 392 (BIA 1954; A.G. 1955).

[23]Determinations and rulings by the Attorney General with respect to all questions of law are binding on this Board and the immigration judges. *See* section 103(a) of the Act; *Matter of Fede*, 20 I&N Dec. 35 (BIA 1989); *Matter of Anselmo*, 20 I&N Dec. 25 (BIA 1989); *Matter of Bilbao-Bastida*, 11 I&N Dec. 615 (BIA 1966), *aff'd*, 409 F.2d 820 (9th Cir.), *cert. dismissed*, 396 U.S. 802 (1969).

[24]The offenses that were added to the definition in 1990 are defined as aggravated felonies only if they are committed on or after November 29, 1990. *See* section 501(b) of the Immigration Act of 1990, 104 Stat. at 5048. Thus, an alien convicted of any such offenses will be subject to the statutory bar of section 212(c) of the Act only if the offense is committed on or after November 29, 1990, and the application for such relief is submitted after that date.

filed with the immigration judge during the respondent's September 13, 1991, deportation hearing must be denied. The crime of murder has been defined as an aggravated felony ever since that term was introduced into the Act in 1988 and, as such, is an aggravated felony no matter when conviction occurs. Hence, the respondent here, having been convicted of murder and having served more than 5 years for this offense, is statutorily barred from qualifying for a waiver of inadmissibility under section 212(c) of the Act, as amended.

## THE APPLICABILITY OF SECTIONS 208 AND 243(h)(2) OF THE ACT, AS AMENDED

On appeal, as in the proceedings below, the respondent has also expressed a reluctance to return to El Salvador for fear of being persecuted or possibly killed. However, because of significant statutory changes made to our laws relating to asylum and withholding of deportation, first by the 1990 Act and later by the 1991 Amendments, the respondent here is precluded from qualifying for either form of relief.

Section 208(d) of the Act, 8 U.S.C. § 1158(d) (Supp. II 1990), as enacted by section 515(a)(1) of the Immigration Act of 1990, 104 Stat. at 5053, states that an alien convicted of an aggravated felony "may not apply for or be granted asylum." Pursuant to section 515(b) of the Immigration Act of 1990, 104 Stat. at 5053, this statutory bar applies "to applications for asylum made on or after the date of the enactment of [the 1990] Act," "take[s] effect on the date of the enactment of [the 1990] Act," and "appl[ies] to convictions entered before, on, or after [that same date]."

Section 243(h)(2) of the Act, 8 U.S.C. § 1253(h)(2) (Supp. II 1990), states that "[f]or purposes of [section 243(h)(2)(B)], an alien who has been convicted of an aggravated felony shall be considered to have committed a particularly serious crime."[25] See section 515(a)(2) of the Immigration Act of 1990, 104 Stat. at 5053. No effective date, however, was specified for this amendment. This consequently gave rise to some confusion about the effective date language of section 515 of the 1990 Act, which contained two effective dates for the newly created asylum bar while providing none for the amendment to the language of section 243(h)(2) of the Act.

This Board thus found in *Matter of U-M-*, 20 I&N Dec. 327 (BIA 1991), *aff'd*, 989 F.2d 1085 (9th Cir. 1993), that in the absence of an express provision to the contrary, the effective date of the revised

---

[25] Section 243(h)(2)(B) of the Act bars withholding of deportation if the Attorney General determines that "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States."

language of section 243(h)(2) was the date of enactment of the 1990 Act. Noting that an application for relief from deportation is an ongoing application, we accordingly proceeded to apply the amended version of section 243(h) of the Act to the application for withholding of deportation that was before us on appeal at the time without regard to the date upon which that application was made.[26]

Since our decision in *Matter of U-M-*, however, the effective date language of section 515 of the 1990 Act was revised. As corrected by section 306(a)(13) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, 105 Stat. at 1752, section 515(b) now specifies that the asylum bar of section 208(d) and the amended language of section 243(h)(2) "shall apply to convictions entered before, on, or after the date of the enactment of [the 1990] Act and to applications for asylum [and withholding of deportation] made on or after such date."[27]

Hence, Congress has made clear that both the statutory bar to asylum for an alien convicted of an aggravated felony and the amendment to section 243(h)(2) of the Act, providing that an alien convicted of an aggravated felony shall be considered to have committed a particularly serious crime, apply to all aggravated felony convictions, whether entered before, on, or after November 29, 1990—except as that term relates to the newest category of crimes—so long as the application for relief is made on or after November 29, 1990.[28]

Therefore, to the extent that *Matter of U-M-*, *supra*, suggests that the amended language of section 243(h)(2) of the Act applies to *all* applications for withholding of deportation pending adjudication before an immigration judge, or review by this Board, on or after November 29, 1990, without regard to the date those applications were made, it has been superseded by the 1991 Amendments. Our construction of the effective date language of section 515 of the 1990 Act in *Matter of U-M-*, was based on the entirely different language of the former law and is now inconsistent with the plain language of the present statute.

Applying this law here, we conclude that the respondent's request for an opportunity to apply for asylum and withholding of deportation,

---

[26] The application in that case was received by the Office of the Immigration Judge 15 days before the enactment date of the Immigration Act of 1990.

[27] The revised language of section 515(b) was made effective "as if included in the enactment of the Immigration Act of 1990." Section 310 of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, 105 Stat. at 1759.

[28] An alien convicted of one of the newly added offenses will be subject to these statutory bars only if the offense was committed on or after November 29, 1990, and the application is made on or after that date.

made in the course of his 1991 hearing, must also be denied. Having been convicted of an aggravated felony, i.e., murder, the respondent is deemed to have been convicted of a "particularly serious crime." He therefore constitutes a danger to the community of the United States and is ineligible for withholding of deportation under section 243(h) of the Act. *See* section 243(h)(2) of the Act; *Matter of K-*, 20 I&N Dec. 418 (BIA 1991); *Matter of Carballe*, 19 I&N Dec. 357 (BIA 1986), *modified on other grounds, Matter of Gonzalez*, 19 I&N Dec. 682 (BIA 1988). Similarly, whatever the merits of his persecution claim may be, the respondent, having been convicted of an aggravated felony, may not apply for or be granted asylum. *See* section 208(d) of the Act.

Finally, the respondent contends that the immigration judge should have designated Canada—not El Salvador—as the country to which deportation should have been directed. The respondent submits that, at the very least, the proceedings below should have been continued to afford him the opportunity to obtain permission from the appropriate authorities to enter Canada. Contrary to the respondent's assertion, however, under section 243(a) of the Act, 8 U.S.C. § 1253(a) (1988), an alien cannot designate any foreign territory contiguous to the United States as the place to which he wishes to be deported, unless that alien is a native, citizen, subject, national, or former resident of that foreign contiguous territory. None of the above, however, applies here. Therefore, the respondent's request for additional time to contact the Canadian authorities was properly denied. While the respondent is, of course, free to ask the Canadian authorities about the possibility of entering that country at a future date, El Salvador will nonetheless remain the country to which his deportation will be directed. *See* 8 C.F.R. § 242.17(c) (1992).

Accordingly, this appeal will be dismissed.

**ORDER:**   The appeal is dismissed.