# MATTER OF GOMEZ-GIRALDO

## In Deportation Proceedings

### A-22115816

*Decided by Board February 7, 1995*

As Congress manifested its intent that the aggravated felony bar of section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. V 1993), be applied retroactively to all convictions for offenses described in the original aggravated felony definition of section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1988), regardless of when the conviction was entered, and as the retroactive application of the bar does not offend any of the concerns underlying the presumption against the retroactive operation of new statutes, the decision of the Board of Immigration Appeals in *Matter of A-A-*, 20 I&N Dec. 492 (BIA 1992), is consistent with the Supreme Court's holdings in *Landgraf v. USI Film Products*, 114 S. Ct. 1483 (1994), and *Rivers v. Roadway Express, Inc.*, 114 S. Ct. 1510 (1994), and is accordingly reaffirmed.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(A)(iii) [8 U.S.C. § 1251(a)(2)(A)(iii)]—Convicted of aggravated felony

ON BEHALF OF RESPONDENT:
Linda Kenepaske, Esquire
275 Madison Avenue, Suite 1618
New York, New York 10016

ON BEHALF OF SERVICE:
Joyce L. Richard
General Attorney

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members; Holmes, Alternate Board Member

In a decision entered on June 16, 1994, an immigration judge found the respondent deportable under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(iii) (Supp. V 1993), denied the respondent's application for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. V 1993), and ordered him deported to Colombia. The respondent has timely appealed from that decision, challenging only the denial of section 212(c) relief. The appeal will be dismissed.

The respondent is a 39-year-old native and citizen of Colombia who entered the United States on or about December 26, 1973, as a nonimmigrant visitor. His status was adjusted to that of a lawful

permanent resident on May 14, 1980. On November 16, 1989, the respondent was convicted in the United States District Court for the Eastern District of Kentucky of the following offenses: conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1988); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988); travel in interstate commerce for the purpose of distributing cocaine in violation of 18 U.S.C. § 1952(a)(3) (1988); and use of a communication facility for a narcotic felony in violation of 21 U.S.C. § 843(b) (1988). For these offenses, the respondent was sentenced to a term of imprisonment of 70 months, to be followed by 4 years of supervised release.

At his deportation hearing, the respondent sought to apply for a waiver of inadmissibility pursuant to section 212(c) of the Act. The Immigration and Naturalization Service argued, however, that the respondent was statutorily ineligible for such relief because he had been convicted of several aggravated felonies and had served a term of imprisonment of at least 5 years pursuant to those felonies. *See* section 212(c) of the Act; 8 C.F.R. § 212.3(f)(4) (1994). In support of its contention, the Service proffered the respondent's conviction records and a sentence monitoring computation data sheet verifying that the respondent had been incarcerated since March 19, 1989. The immigration judge agreed with the Service's position that the respondent is ineligible as a matter of law for the waiver sought under section 212(c).

A waiver of inadmissibility under section 212(c) of the Act is not available to any alien "who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." Section 511(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5052 (enacted Nov. 29, 1990) ("1990 Act"), *as amended by* section 306(a)(10) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1751 (enacted Dec. 12, 1991) ("1991 Amendments"). Section 511(b) of the 1990 Act provides that this statutory bar "shall apply to admissions occurring after the date of enactment of [the 1990] Act," or after November 29, 1990. Immigration Act of 1990, 104 Stat. at 5052. The Attorney General has determined that the phrase "shall apply to admissions," as used in section 511(b) of the 1990 Act, refers to all applications for section 212(c) relief submitted after November 29, 1990. *See* 56 Fed. Reg. 50,033 (1991) (supplementary information); *see also Matter of A-A-*, 20 I&N Dec. 492, 502 & n.22 (BIA 1992).

The respondent does not contest, on appeal, the immigration judge's findings that he had been convicted of an aggravated felony and had served a term of imprisonment of more than 5 years. Rather, he asserts that his convictions are beyond the temporal reach of the

statutory bar. The respondent submits that he should be afforded an opportunity to apply for a section 212(c) waiver.

Specifically, the respondent argues that the "aggravated felony bar" of section 212(c) should not apply retroactively to his convictions, which were entered prior to the enactment of the 1990 Act. According to the respondent, the Supreme Court's recent decisions in *Landgraf v. USI Film Products*, 114 S. Ct. 1483 (1994), and *Rivers v. Roadway Express, Inc.*, 114 S. Ct. 1510 (1994), firmly pronounce that absent clear congressional intent favoring retroactive application of a new statutory provision, the traditional presumption against the retroactive application of a statute should prevail. The respondent contends that in light of these recent Supreme Court opinions, this Board should overturn its decision in *Matter of A-A-*, supra, which held that the aggravated felony bar of section 212(c) applies retroactively to any conviction for an offense described in the original aggravated felony definition, regardless of when the conviction occurred, so long as the application for relief under section 212(c) is submitted after November 29, 1990. For the original definition of the term "aggravated felony," see section 7342 of the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181, 4469-70 (enacted Nov. 18, 1988) ("1988 Act"), later codified as section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1988); *see also Matter of A-A-*, supra, at 495.[1]

The Service, in turn, argues that *Matter of A-A-*, supra, was correctly decided. The Service contends that because the respondent submitted his application for section 212(c) relief after November 29, 1990, has been convicted of several offenses designated as aggravated felonies under the original aggravated felony definition, and has served a term of imprisonment of at least 5 years, he is statutorily ineligible for a waiver of inadmissibility under section 212(c) of the Act.

In the sister cases of *Landgraf v. USI Film Products*, supra, and *Rivers v. Roadway Express, Inc.*, supra, the Supreme Court considered whether particular provisions of the Civil Rights Act of 1991 were to

---

[1] In *Matter of A-A-*, supra, at 499, the Board recognized an exception to the retroactive application of the aggravated felony bar of section 212(c) with respect to crimes that were added to the aggravated felony definition by the 1990 Act, which, by the express terms of the statute, are generally deemed aggravated felonies only if committed on or after November 29, 1990. *See* section 501(b) of the 1990 Act, 104 Stat. at 5048. Subsequent to our decision in *Matter of A-A-*, supra, Congress further expanded the definition of the term "aggravated felony" in the Immigration and Nationality Technical Corrections Act of 1994. *See* section 222(a) of the Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, 108 Stat. 4305, 4320-22 (enacted October 25, 1994) ("1994 Act"). Like the 1990 Act, the 1994 Act specifies that its amendments to section 101(a)(43) of the Act shall apply prospectively only, in the case of the 1994 Act, "to convictions entered on or after the date of enactment of this Act." Section 222(b) of the 1994 Act, 108 Stat. at 4322.

be given retroactive effect. In both cases, the Court was compelled to reconcile two seemingly contradictory canons for interpreting statutes that do not specify their temporal reach: the rule that a court must apply the law in effect at the time it renders its decision, *see, e.g., Bradley v. Richmond School Bd.*, 416 U.S. 696 (1974), and the axiom that statutory retroactivity is not favored in the law, *see, e.g., Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204 (1988). The Court ultimately held that in the absence of clear congressional intent favoring the retroactive application of a statute and where such application would offend elementary principles of fairness, courts should invoke "the traditional presumption against truly 'retrospective' application of a statute." *See Landgraf v. USI Film Products, supra,* at 1504.

We find that our decision in *Matter of A-A-, supra,* is fully consistent with the Supreme Court's recent holdings in *Landgraf v. USI Film Products, supra,* and *Rivers v. Roadway Express, Inc., supra.* We accordingly decline to disturb our holding in the case.

In *Landgraf v. USI Film Products,* and *Rivers v. Roadway Express, Inc.,* the Supreme Court instructed that courts, before even reaching the application of timeworn canons of statutory construction, must first discern whether the relevant statutory text manifests an intent that the statutory provision in question should be applied retroactively. In the cases before it, the Court found that the provisions of the Civil Rights Act of 1991 at issue were silent as to congressional intent. Consequently, the Court proceeded to an examination of legislative history and to the application of canons of statutory interpretation.

In contrast, in *Matter of A-A-, supra,* this Board found that Congress had clearly manifested its intent that the aggravated felony bar of section 212(c) be applied retroactively to all aggravated felony convictions within the ambit of the original definition, regardless of when they were adjudged. We initially noted that several provisions of the 1988 Act "attached specific immigration consequences (or so-called disabilities) to those convicted of aggravated felonies" and that such disabling provisions made clear "through necessary implication" that Congress intended the aggravated felony definition originally set forth in section 101(a)(43) of the Act to be applied to convictions occurring prior to the date of enactment of the 1988 Act, as well as to convictions entered thereafter.[2] *Matter of A-A-, supra,* at 495; *see also*

---

[2] In *Landgraf v. USI Film Products, supra,* at 1492-96, the Court reaffirmed that congressional intent may be found not only in explicit language, but also in legislative history and by necessary implication. *See also Bruner v. United States,* 343 U.S. 112, 117 n.8 (1952) (stating "the general principle that a statute is not to be given retroactive effect unless such construction is required by explicit language *or by necessary implication*" (emphasis added)); *Winfree v. Northern Pacific R. Co.,* 227 U.S. 296, 301 (1913) (employing traditional presumption against retroactive application of statute in

*id.* at 495-97 (interpreting sections 7345, 7346(a), and 7349 of the 1988 Act, 102 Stat. at 4471-73).

The Board further noted that "where Congress desired to limit the reach of a disabling provision in the 1988 Act to certain aggravated felons—such as those convicted only on or after a certain date—it expressly did so." *Matter of A-A-, supra,* at 497; *see also id.* at 496-97, 99 & n.15 (citing sections 7343, 7344, and 7347 of the 1988 Act, 102 Stat. at 4470-72, as instances where Congress explicitly limited the temporal reach of disabling provisions). Congress did not similarly circumscribe the temporal reach of the aggravated felony bar of section 212(c) of the Act, though it knew how to do so and could readily have done so. *See Matter of A-A-, supra,* at 502 (noting that "[n]either the 1990 Act nor the 1991 Amendments ... specified when a conviction must occur to be classified as an aggravated felony for purposes of [the aggravated felony] bar").[3] We ultimately concluded that as the original aggravated felony definition applies to convictions predating the 1988 Act and as Congress did not explicitly limit the temporal reach of the aggravated felony bar, the bar "is properly read as applying to all convictions deemed within the original aggravated felony definition, so long as the application for relief under section 212(c) is submitted after November 29, 1990." *Id.*

The federal circuit courts of appeal which have addressed the issue have uniformly cited with approval our holding and analysis in *Matter of A-A-, supra. See Asencio v. INS,* 37 F.3d 614, 617 (11th Cir. 1994) (upholding Board's decision in *Matter of A-A-* as a "reasonable construction" of section 212(c)); *Campos v. INS,* 16 F.3d 118, 121 (6th Cir. 1994) (citing the provisions of the 1988 and 1990 Acts that were analyzed by the Board in *Matter of A-A-* and reaching the same conclusion with regard to congressional intent); *De Osorio v. United*

---

absence of "explicit words" or "*clear implication*" (emphasis added)); *Murray v. Gibson,* 56 U.S. (15 How.) 421, 423 (1853) (holding that statutes should not be applied retroactively unless such application is "required by express command *or by necessary and unavoidable implication*" (emphasis added)).

[3] As noted earlier, *supra* note 1, subsequent to our decision in *Matter of A-A-, supra,* Congress enacted the 1994 Act, specifying that its amendments to the aggravated felony definition were to apply only to convictions entered after the date of enactment. Thus, while Congress, presumed to be cognizant of existing law pertinent to the legislation it enacts, *see, e.g., Cannon v. University of Chicago,* 441 U.S. 677 (1979); *Lorillard v. Pons,* 434 U.S. 575, 581 (1978); *Blitz v. Donovan,* 740 F.2d 1241 (D.C. Cir. 1984), expressly limited the applicability of the expanded aggravated felony definition in enacting the 1994 Act, it did not disturb our construction of the statutory provisions at issue in *Matter of A-A-* and revisited here. *See Matter of A-A-, supra,* at 499 (observing that Congress, in amending the aggravated felony definition in 1990, specifically limited the scope of the definition with respect to the new group of crimes added by the 1990 Act, but "left alone" the "temporally unlimited language of the original definition").

*States INS*, 10 F.3d 1034, 1039-41 & n.5 (4th Cir. 1993) (noting and adopting the Board's holding and analysis in *Matter of A-A-*); *Buitrago-Cuesta v. INS*, 7 F.3d 291, 294 (2d Cir. 1993) (finding the Board's holding and analysis in *Matter of A-A-* to be "the only sensible interpretation" of congressional intent with regard to the application of the aggravated felony bar of section 212(c)); *Barreiro v. INS*, 989 F.2d 62, 64 (1st Cir. 1993) (finding the Board's opinion in *Matter of A-A-* "so persuasive" that it could simply have adopted it); *see also Cortes-Castillo v. INS*, 997 F.2d 1199, 1202 n.1 (7th Cir. 1993) (noting that the aggravated felony bar of section 212(c) would have applied had the alien sought a section 212(c) waiver after November 29, 1990, notwithstanding the fact that the conviction was entered in 1977).

As several circuit courts of appeal have observed, to confine the reach of the aggravated felony bar of section 212(c) to convictions entered on or after the enactment of the 1990 Act would be to presume that Congress intended the bar to operate as a rather anomalous "super-prospectivity" provision. *See, e.g., Buitrago-Cuesta v. INS, supra*, at 295. That is, given the fact that an alien convicted of an aggravated felony is not subject to the bar unless and until he has served at least 5 years' imprisonment for such felony, section 511(a) of the 1990 Act would not be given effect, were it applied prospectively only, until 5 years after its enactment.[4] In *Barreiro v. INS, supra*, at 64, the United States Court of Appeals for the First Circuit reasoned that "[i]f Congress believed seven years' residence insufficient to entitle aliens to waivers if they had served five or more years imprisonment for committing an aggravated felony, it makes small sense that so substantial a stricture should not go into effect for five years from enactment." *Accord Asencio v. INS, supra*, at 616-17 (citing with approval the analysis in *Barreiro v. INS, supra*); *Campos v. INS, supra*, at 121-22 (same); *De Osorio v. United States INS, supra*, at 1041 (same); *Buitrago-Cuesta v. INS, supra*, at 294 (same); *see also Matter of Burbano*, 20 I&N Dec. 872, 878-79 (BIA 1994) (tracking Congress' increasingly strict immigration policy toward aliens whose drug

---

[4]We recognize that Congress in fact rendered the aggravated felony bar of section 212(c) "super-prospective" as applied to offenses added to the aggravated felony definition by the 1990 Act (newly added crimes are aggravated felonies only if committed on or after November 29, 1990) and by the 1994 Act (amendments to section 101(a)(43) apply only to convictions entered on or after date of enactment). However, Congress did not include such explicit directive in either the original aggravated felony definition, *see* section 7342 of the 1988 Act, 102 Stat. at 4469-70, or the legislation establishing the aggravated felony bar, *see* section 511 of the 1990 Act, 104 Stat. at 5052; section 306(a)(10) of the 1991 Amendments, 105 Stat. at 1751. Absent such specific command, we will generally not presume that Congress intended a statute to operate "super-prospectively."

offenses constitute aggravated felonies). Rather, as the Sixth Circuit Court of Appeals observed, "[i]t seems clear ... that in barring discretionary waiver for an aggravated felon 'who *has* served' five years, and in making that bar effective right after enactment, Congress contemplated that some aliens would be subject to the bar immediately." *Campos v. INS, supra,* at 122.

Our finding in *Matter of A-A-, supra,* that Congress intended the aggravated felony bar of section 212(c) to be applied retroactively to all convictions for offenses described in the original aggravated felony definition has thus been endorsed by the federal courts. Having ascertained that congressional intent, we were not obliged to proceed further in our analysis to consider the canons of statutory interpretation. *See Landgraf v. USI Film Products, supra,* at 1492, 1505; *see also Rivers v. Roadway Express, Inc., supra,* at 1517-18.

Indeed, even absent a finding of congressional intent, we would find it unnecessary to apply the judicial presumption against the retroactive application of a new legislative enactment. In *Landgraf v. USI Film Products, supra,* the Supreme Court held that if a particular statutory text does not manifest an intent with respect to the statute's proper reach, a court must first ascertain whether the statute is truly retroactive in effect before invoking the traditional presumption against retroactivity. In the Court's words, the court must determine whether the new statute "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 1505.

"In general, the concern regarding retroactive application of statutes is the deprivation of rights without notice and fair warning ...." *De Osorio v. United States INS, supra,* at 1042. *See generally Landgraf v. USI Film Products, supra,* at 1501-05. "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law." *Landgraf v. USI Film Products, supra,* at 1499 (citation omitted). "Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment ... [and look for guidance to] familiar considerations of fair notice, reasonable reliance, and settled expectations." *Id.*

We find that the aggravated felony bar of section 212(c), as construed in *Matter of A-A-, supra,* does not offend any of the concerns underlying the presumption against the retroactive operation of new statutes. Congress has merely withdrawn the availability of a particular form of discretionary relief in the case of aliens who are within the ambit of the bar and who have applied for such relief *after* the date of enactment of the 1990 Act. The bar does not affect those aliens who applied for a section 212(c) waiver on or prior to the enactment date.

As the Fourth Circuit Court of Appeals noted in *De Osorio v. United States INS, supra*, at 1042, affected aliens, such as the respondent here, could make no argument "that they somehow relied on the availability of a discretionary waiver of deportation when choosing to engage in [criminal] activity" leading to an aggravated felony conviction and resultant 5-year prison term. We are satisfied that legitimate concerns of notice or fair warning are not implicated in the instant case.

The respondent raises an additional issue on appeal. He contends that the application of the aggravated felony bar of section 212(c) to his convictions constitutes a violation of the Constitution's prohibition against "ex post facto" laws. *See* U.S. Const. art. I, § 9, cl. 3. It is well established, however, that the prohibition against "ex post facto" laws does not apply to deportation statutes. *Galvan v. Press*, 347 U.S. 522, 531-32 (1954); *Harisiades v. Shaughnessy*, 342 U.S. 580, 594-95 (1952); *Campos v. INS, supra*, at 122; *Barreiro v. INS, supra*, at 64; *Matter of C-*, 20 I&N Dec. 529, at 532-33 (BIA 1992). The federal courts and this Board have consistently held that Congress may constitutionally attach new immigration consequences to past criminal conduct. *Lehman v. United States ex. rel. Carson*, 353 U.S. 685, 690 (1957); *Harisiades v. Shaugnessy*, 342 U.S. 580 (1952); *Campos v. INS, supra*; *De Osorio v. United States INS, supra*; *Ignacio v. INS*, 955 F.2d 295, 298 (5th Cir. 1992); *Matter of C-, supra*.

The immigration judge correctly determined that the respondent is deportable as charged and ineligible, as a matter of law, for a waiver of inadmissibility under section 212(c) of the Act. The respondent's appeal will accordingly be dismissed.

**ORDER:** The appeal is dismissed.

964