**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO ROLANDO LAWRENCE, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 07-74829 Agency No. A040-199-868 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2013[*]
Pasadena, California

Filed May 21, 2013

Before: Ferdinand F. Fernandez, Johnnie B. Rawlinson,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge Fernandez

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied Alfredo Rolando Lawrence's petition for review of the Board of Immigration Appeals' decision finding him ineligible for INA § 212(c) relief, because he is an aggravated felon who filed his application for relief after November 29, 1990.

The panel held that the term "admissions" in § 212(c)'s effective date provision refers to the date that an alien seeks relief, and thus the aggravated felony bar applies to applications filed after November 29, 1990, regardless of the date the alien was initially admitted to the United States.

### COUNSEL

Duane M. Hamilton, Chow & Hamilton, Buena Park, California, for Petitioner.

Tony West, Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Jesse D. Lorenz, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

FERNANDEZ, Circuit Judge:

Alfredo Rolando Lawrence, a native and citizen of Panama, petitions for review of the Board of Immigration Appeals' (BIA) determination that he is not eligible for relief pursuant to former Immigration and Nationality Act (INA) § 212(c) (8 U.S.C. § 1182(c) (1992)) because he is an aggravated felon, who filed his application for relief after November 29, 1990. We deny the petition.

**BACKGROUND**

Lawrence was admitted to the United States on June 16, 1987, as a lawful permanent resident (LPR). On May 12, 1992, the State of California charged him with armed robbery[1] and kidnapping.[2] He pled guilty to both charges pursuant to a plea agreement and was sentenced to nine years imprisonment on each offense. He served five years and seven months of his term and was released on December 16, 1997. A few weeks before his release, a Notice to Appear (NTA) was issued pursuant to INA § 237(a)(2)(A)(iii), (a)(2)(A)(i) (8 U.S.C. § 1227(a)(2)(A)(iii), (i)). It alleged that he was removable as an LPR convicted of an aggravated felony and a crime involving moral turpitude.

At his hearing on the NTA, the Immigration Judge (IJ) sustained the factual allegations in the NTA and found that Lawrence was removable. Lawrence indicated to the IJ that

---

[1] *See* Cal. Penal Code § 211.

[2] *See* Cal. Penal Code § 207(a).

he sought asylum and withholding of removal. He also briefed the IJ on the availability of relief under the Convention Against Torture (CAT).**[3]**

On October 5, 1998, the IJ issued a decision, finding Lawrence ineligible for asylum and withholding of removal because he had been convicted of an aggravated felony that was a particularly serious crime, and stating that the IJ lacked jurisdiction over Lawrence's CAT claim. The IJ ordered him removed to Panama.

Lawrence appealed the IJ's decision to the BIA. The BIA dismissed his appeal with respect to asylum and withholding of removal, but remanded on the question of CAT protection. It determined that the IJ did have jurisdiction to consider the CAT issue. On remand, Lawrence applied for a waiver under § 212(c) of the INA (hereafter § 212(c)) for the first time on March 2, 2004. However, § 212(c) relief is barred for applicants who have been convicted of an aggravated felony and served over five years in prison. Immigration Act of 1990 (IMMACT), Pub. L. No. 101–649, § 511 (a) & (b), 104 Stat. 4978, 5052 (hereafter § 511(a) and § 511(b), respectively). Lawrence asserted that he could seek § 212(c) relief despite the bar because it applied only to "admissions" taking place on or after November 29, 1990, but he was admitted as an LPR in 1987. He then withdrew his application for CAT protection, which left only his application for § 212(c) relief pending.

---

**[3]** United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

On March 13, 2006, the IJ pretermitted Lawrence's application for § 212(c) relief on the ground that he had been convicted of an aggravated felony for which he had served more than five years in prison and thus was barred from seeking a § 212(c) waiver. Lawrence appealed that decision to the BIA, which adopted and affirmed the IJ's decision on November 13, 2007. The BIA noted that it was "well settled" that the aggravated felony bar to a § 212(c) waiver applied to applications for a waiver filed after November 29, 1990, regardless of the alien's initial admission date to the United States. This petition for review followed.

## JURISDICTION AND STANDARDS OF REVIEW

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).

We review the BIA's factual determinations for substantial evidence and treat the BIA's determinations as "'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1, 483–84, 112 S. Ct. 812, 815 & n.1, 817, 117 L. Ed. 2d 38 (1992).

We review issues of law de novo, but "subject to established principles of deference." *Edu v. Holder*, 624 F.3d 1137, 1142 (9th Cir. 2010) (internal quotation marks omitted); *see also Garcia v. Holder*, 659 F.3d 1261, 1265–66 (9th Cir. 2011). We owe deference to the legal interpretations of the Attorney General, if they are "based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843, 104 S. Ct. 2778, 2782, 81 L. Ed. 2d 694 (1984); *see also INS v. Aguirre-Aguirre*, 526 U.S. 415, 424, 119 S. Ct. 1439, 1445,

143 L. Ed. 2d 590 (1999). We also owe deference to the legal determinations of the BIA, but that presents more complexity. In this case, the BIA's legal determination was essentially as set forth in a published opinion of five members of the BIA. *See In re A– A–*, 20 I. & N. Dec. 492 (BIA 1992). Thus, to the extent we are reviewing its decision, we also owe its determination deference if "based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843, 104 S. Ct. at 2782; *see also Aguirre-Aguirre*, 526 U.S. at 424, 119 S. Ct. at 1445.

Finally, as to the particulars of the case at hand, we review "the decision of the IJ, as well as any additional reasoning offered by the BIA." *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).

## DISCUSSION

Lawrence sought relief from removal pursuant to § 212(c),[4] despite the fact that he had committed an aggravated felony and had served more than five years in prison as a result.[5]

---

[4] Although the section has been repealed, it is still applicable to those aliens who pled guilty to offenses while it was in effect — that is, before April 1, 1997. *See INS v. St. Cyr*, 533 U.S. 289, 297, 326, 121 S. Ct. 2271, 2277, 2293, 150 L. Ed. 2d 347 (2001). Because Lawrence pled guilty on May 19, 1992, the section is applicable to him.

[5] As it applies to Lawrence, § 212(c) reads as follows in pertinent part:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney

Congress amended § 212(c) when it enacted the aggravated felony bar to relief on November 29, 1990. Sections 511(a) and 511(b) of IMMACT provide:

> (a) IN GENERAL. — Section 212(c) (8 U.S.C. § 1182(c)) is amended by adding at the end the following: "The first sentence of this subsection shall not apply to an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least five years."

> (b) EFFECTIVE DATE. — The amendment made by subsection (a) shall apply to admissions occurring after the date of the enactment of this Act.

Thereafter, the bar was expanded to cover an alien who has committed "one or more aggravated felonies and has

---

> General . . . . The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least five years.

On its face, the statute applied to exclusion proceedings only, but it can be applied to deportation proceedings as well. *See* 8 C.F.R. § 1212.3; *Pascua v. Holder*, 641 F.3d 316, 319 n.2 (9th Cir. 2011); *Tapia-Acuna v. INS*, 640 F.2d 223, 225 (9th Cir. 1981), *overruled by Abebe v. Mukasey*, 554 F.3d 1203, 1207 (9th Cir. 2009) (en banc) (per curiam); *In re Silva*, 16 I. & N. Dec. 26, 30 (BIA 1976).

served for such felony or felonies"[6] a term of imprisonment of at least five years, but that does not affect our analysis.

There can be no doubt that the aggravated felony bar does apply to Lawrence if within the meaning of § 511(b) his "admission" occurred after November 29, 1990. As already indicated, his convictions occurred on May 19, 1992, and his application for § 212(c) relief was filed on March 2, 2004. The BIA determined that the bar applied to him because his application for relief was filed after November 29, 1990.

Lawrence disagrees with the BIA's determination and points to the fact that, in general, the words "admission" and "admitted" mean "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). Thus, he argues that because he was admitted as an LPR on or about June 16, 1987, the felony bar does not apply to him.

Lawrence's argument would be plausible, if it were not for the unique history of § 212(c). Read literally, § 212(c) relief would not apply to him at all — on its face it only refers to aliens who had been "lawfully admitted" but left and then sought to be admitted again. However, that does not describe Lawrence; he did not literally seek admission in 2004 because he had never left. When Congress acted, § 212(c) could have been applied to a person in his position because "the distinction between reentry and deportation [had] been blurred." *Samaniego-Meraz v. INS*, 53 F.3d 254, 257 (9th Cir. 1995), *overruled on other grounds by Toia v.*

---

[6] *See* Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102–232, § 306(a)(10), 105 Stat. 1733, 1751.

*Fasano*, 334 F.3d 917, 921 (9th Cir. 2003).  Thus, when Congress used the term "admissions" in the effective date provision in § 212(c),  it could have been referring to the initial admission of an alien (*i.e.*, the first usage of the term admission in § 212(c), which refers to "[a]liens lawfully admitted for permanent residence"), or it could have been referring to the second admission requested when the alien returned after leaving (*i.e.*, the second usage of the term admission in § 212(c), which states that aliens "may be admitted in the discretion of the Attorney General").  It is not likely that Congress meant the former, rather than the latter, which is the date on which the alien would have been seeking reentry but found himself in the status of an aggravated felon. Because the very purpose of the judicial expansion of § 212(c) relief to those who had not left was to ensure that they would be given treatment equal to that of returning aliens,[7] they should be treated in that fashion for the purposes of § 511(b).  That is, the date that they seek the equivalent of "returning" relief should be used; that date, at the earliest, is the date of their application for relief.  Still, we agree that some ambiguity remains.

The Attorney General has resolved the ambiguity, and we owe that determination deference.  On October 3, 1991, the Attorney General issued an interim rule for the purpose of amending the Code of Federal Regulations to implement § 511(a) and (b).  *See* Interim Rule re 212(c) Waiver, 56 Fed. Reg. 50,033–34 (Oct. 3, 1991).  The Attorney General noted that the aggravated felony bar had been enacted and went on to explain:

---

[7] *See Tapia-Acuna*, 640 F.2d at 225; *Francis v. INS*, 532 F.2d 268, 273 (2d Cir. 1976); *In re Silva*, 16 I. & N. Dec. at 30.

As used in section 511(b) of IMMACT, the term "admissions" covers all applications under the Act for section 212(c) relief, whether actually made upon application for admission into the United States or made only after entry. The language of the waiver contained in section 212(c) applies by its terms only to applications for readmission into the United States by inadmissible lawful permanent resident aliens who temporarily proceeded abroad voluntarily. However, the Attorney General has long equated applications for section 212(c) relief which are made during deportation proceedings after entry, with those applications made at the time an alien physically seeks admission into the United States. This treatment has been accepted and expanded by the courts, and applies even if the alien did not depart the United States after becoming excludable. Thus, under the prevailing interpretation, the phrase "shall apply to admissions" as used in section 511(b) of IMMACT refers to all applications for relief pursuant to section 212(c) of the Act submitted after November 29, 1990 . . . .

*Id.* at 50,033 (citations omitted). As suggested by our previous discussion, that determination was "based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843, 104 S. Ct. at 2782; *see also Aguirre-Aguirre*, 526 U.S. at 424, 119 S. Ct. at 1445.

The BIA later commented upon the regulation;**[8]** it noted that Congress had "specified that [the aggravated felony bar] was to be virtually immediate." *In re A– A–*, 20 I. & N. Dec. at 501. It went on to declare: "The Attorney General has thereby determined that the statutory bar to section 212(c) relief shall apply only to those applications submitted after November 29, 1990. We are therefore bound by his determination in this regard." *Id.* at 502. That, of course, was the rule followed in the case at hand. Again, we defer.

Six other circuit courts of appeals have had occasion to comment on whether the date of application for relief is the operative date for this purpose. All agree with the agency's construction of § 511(b).

The Fourth Circuit Court of Appeals responded to an attack similar to Lawrence's as follows:

> We find the Board's and the Attorney General's interpretation to be reasonable and consistent with congressional intent. Although the [aliens] are correct with regard to the technical meaning of "admissions" in the context of immigration laws, the interpretation they advocate would require ignoring the administrative and judicial interpretations which have broadened the meaning of "admissions" in the § 212(c) context. These decisions have held that § 212(c) no longer exclusively applies to aliens who have departed and are seeking

---

**[8]** *See* 8 C.F.R. § 212.3 (1992); on February 28, 2003, the number of the regulation was changed to 8 C.F.R § 1212.3 without material change.

> reentry or readmission back into the United
> States, but also to those who have not
> departed but are in deportation proceedings.
> We do not believe it is unreasonable for
> Congress to assume that its use of the term
> "admissions" in the amendment to § 212(c)
> would be subject to the prevailing judicial and
> administrative interpretation. Accordingly,
> we affirm the Board's conclusion that the
> aggravated felony bar applies to the [aliens]
> because their applications for § 212(c) relief
> were filed after . . . the enactment date of
> IMMACT.

*De Osorio v. INS*, 10 F.3d 1034, 1039 (4th Cir. 1993) (citations omitted). Other courts of appeals have agreed, although sometimes with less than hyaline reasoning. *See Velez-Lotero v. Achim*, 414 F.3d 776, 780, 781 (7th Cir. 2005); *Gomes v. Ashcroft*, 311 F.3d 43, 45–46 (1st Cir. 2002); *Scheidemann v. INS*, 83 F.3d 1517, 1519–20, 1525–26 (3rd Cir. 1996); *Campos v. INS*, 16 F.3d 118, 120–21 (6th Cir. 1994); *Buitrago-Cuesta v. INS*, 7 F.3d 291, 292 (2d Cir. 1993); *Cortes-Castillo v. INS*, 997 F.2d 1199, 1202 n.1 (7th Cir. 1993); *see also Saravia-Paguada v. Gonzales*, 488 F.3d 1122, 1132–35 (9th Cir. 2007) (applying § 511(a) to an alien admitted before the effective date of IMMACT without any reference to § 511(b)). If we had any remaining doubt, those cases would absterge it.

Therefore, we hold that the aggravated felony bar applies to Lawrence's attempt to seek § 212(c) relief.[9]

## CONCLUSION

Lawrence, an LPR and aggravated felon, hopes to take advantage of the relief provided by § 212(c), but that hope has induced him to chase an eidolon. As an aggravated felon, who filed his application for relief after November 29, 1990, he falls outside of the protective scope of § 212(c).

**Petition DENIED.**

---

[9] Lawrence also makes a halfhearted equal protection argument, without citation to pertinent authorities. His claim is otiose. There can be no doubt that Congress can rationally distinguish between aliens who commit felonies and those who do not. *See Alvarenga-Villalobos v. Ashcroft*, 271 F.3d 1169, 1174 (9th Cir. 2001); *United States v. Yacoubian*, 24 F.3d 1, 8 n.3 (9th Cir. 1994). Similarly, Congress can certainly draw lines that specify effective dates when it enacts or amends relief statutes. *See Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1164–65 (9th Cir. 2002). Moreover, Lawrence, who committed and pled guilty to a felony after IMMACT's enactment, is not similarly situated to those who pled before the enactment. *See Chan v. Reno*, 113 F.3d 1068, 1073–74 (9th Cir. 1997); *see also Toia v. Fasano*, 334 F.3d 917, 920–21 (9th Cir. 2003).