NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTEBAN MEDINA-MORA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-72571 <br><br> Agency No. A203-247-676 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Esteban Medina-Mora petitions for review of the Board of Immigration

Appeal's ("BIA") order dismissing his appeal from an immigration judge's

decision denying adjustment of status and cancellation of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

constitutional claims, and we review for substantial evidence factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not err in concluding that Medina-Mora was statutorily ineligible for adjustment of status under 8 U.S.C. § 1255(i) because he is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I), where substantial evidence supports the agency's determination that he reentered the United States without being admitted, after previously accruing more than one year of unlawful presence. *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 513-14 (9th Cir. 2012) (en banc). Medina-Mora's contention that the agency relied on a vague record in assessing inadmissibility lacks merit.

Medina-Mora has not established that the different treatment of pre-April 1, 1997, unlawful presence in sections 1182(a)(9)(C)(i) and 1182(a)(9)(B) violates his due process rights. *See, e.g., Lawrence v. Holder*, 717 F.3d 1036, 1041 n.9 (9th Cir. 2013) (addressing a "half-hearted" equal protection argument and noting that Congress can "draw lines that specify effective dates when it enacts or amends relief statutes."); *Abebe v. Mukasey*, 554 F.3d 1203, 1206 (9th Cir. 2009) (en banc) (per curiam) ("Congress has particularly broad and sweeping powers when it comes to immigration, and is therefore entitled to an additional measure of

deference when it legislates as to admission, exclusion, removal, naturalization or other matters pertaining to aliens.").

Substantial evidence supports the agency's determination that Medina-Mora is statutorily ineligible for cancellation of removal based on a lack of good moral character, where he provided false testimony under oath and did not demonstrate that he recanted his false testimony. *See* 8 U.S.C. §§ 1101(f)(6) (barring a finding of good moral character for any person who has given false testimony for the purpose of obtaining any immigration benefit), 1229b(b)(1)(B); *Valadez-Munoz v. Holder*, 623 F.3d 1304, 1310 (9th Cir. 2010) ("recantation must be voluntary and without delay" (citation and quotation marks omitted)).

Contrary to Medina-Mora's contentions, the agency did not apply an incorrect legal standard, ignore issues, or rely on an unclear or incomplete record in assessing good moral character.

**PETITION FOR REVIEW DENIED**.

15-72571