**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADELINA SOLARES MIJANGOS, | No. 19-70489 |
| Petitioner, | Agency No. A076-515-851 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 24, 2020**
San Francisco, California

Before: GOULD, CHRISTEN, and BRESS, Circuit Judges.

Adelina Solares Mijangos ("Solares") petitions for review from the decision

of the Board of Immigration Appeals ("BIA") dismissing her appeal of the

Immigration Judge's ("IJ") decision denying withholding of removal. We have

jurisdiction under 8 U.S.C. § 1252. Where the BIA adopts the IJ's decision and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

adds some of its own reasoning, we review both decisions. *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). Reviewing questions of law de novo, *Lawrence v. Holder*, 717 F.3d 1036, 1038 (9th Cir. 2013), and factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), we deny the petition for review. Because we deny the petition based on the BIA's relocation determination, we do not reach the issue of whether Solares' proposed social groups are legally cognizable.

Solares is a native and citizen of Guatemala. In 1996, a man named Armando kidnapped Solares and took her to the United States. Armando beat and raped Solares, and he forced her to do field work and housework. Solares later gave birth to Armando's son. When their son was 10 months old, Armando returned to Guatemala with the child, leaving Solares alone in the United States. In 1998, Solares returned to her mother's house in a small village in Guatemala. Armando came to Solares' mother's house and threatened Solares, and Solares returned to the United States.

In 2010, Solares was removed to Guatemala. After she was sent back to Guatemala, she stayed with her brother in Guatemala City for several days without incident. She then returned to her mother's house in San Miguel. There, Solares received more threats from Armando. Solares entered the United States twice more, and each time her prior order of removal was reinstated. On her fourth and

2

final entry she expressed a fear of persecution if she were to return to Guatemala. Solares was placed in withholding-only proceedings under 8 C.F.R. § 208.31(g)(2).

Solares claimed a well-founded fear of future persecution based on five particular social groups: (1) "Guatemalan women in domestic relationships who are viewed as property by virtue of their position within that relationship," (2) "Guatemalan women in domestic relationships who are viewed as property by virtue of their gender," (3) "Guatemalan women in domestic relationships," (4) "Guatemalan women between the ages of 14 and 40," and (5) "All Guatemalan women."

In this case there have been three decisions from an IJ and three decisions from the BIA because of intervening changes in asylum law. Most recently, the BIA concluded that three of Solares' proposed social groups were not legally cognizable because they were impermissibly circular under *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), and also were not particular or socially distinct. The BIA concluded that two of Solares' groups failed for lack of nexus. The BIA also concluded in the alternative that, even assuming Solares proposed a legally cognizable group, the government successfully rebutted the presumption of a future threat to Solares' life or freedom, and that the IJ did not clearly err in finding that Solares had the ability to avoid future harm by relocating within Guatemala and that it would be reasonable to expect her to do so.

3

We conclude that substantial evidence supports the BIA's relocation determination. To rebut the presumption of a well-founded fear of future persecution, the government may show by a preponderance of the evidence that the applicant could relocate internally to an area of safety and that it would be reasonable to require her to do so. *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019); 8 C.F.R. § 1208.16(b)(1)(ii).

Before the IJ, the government presented evidence that Solares could relocate to Guatemala City and that it would be reasonable for her to do so. Solares only claimed to fear harm from Armando, and all her encounters with Armando after Solares returned to Guatemala in 1997 and 2010 had taken place at or near her mother's house in the village of San Miguel. After her first removal from the United States, Solares stayed with her brother in Guatemala City for a few days without incident. Neither Solares nor her family have had any contact with Armando since she last left Guatemala in 2011. Accordingly, substantial evidence supports the BIA's determination that Solares could relocate within Guatemala and that it would be reasonable for her to do so.

**PETITION DENIED.**