NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSANA YASMIN MARTINEZ-VELASQUEZ; J.T., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-3894 <br><br> Agency Nos. <br> A220-203-593 <br> A220-203-594 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024[**]
Pasadena, California

Before: GRABER, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Susana Yasmin Martinez-Velasquez and her minor child J.T. are natives and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

citizens of El Salvador.[1]  Martinez-Velasquez seeks review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  "We review factual findings for substantial evidence and legal questions de novo."  *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted).  In conducting our review for substantial evidence, we "treat the BIA's determinations as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Lawrence v. Holder*, 717 F.3d 1036, 1038 (9th Cir. 2013) (citations and internal quotation marks omitted).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Substantial evidence supports the BIA's determination that Martinez-Velasquez does not qualify for CAT protection.  To qualify, "the applicant bears the burden of establishing that 'it is more likely than not that he or she would be tortured if removed.'"  *Akosung v. Barr*, 970 F.3d 1095, 1104 (9th Cir. 2020) (quoting 8 C.F.R. § 1208.16(c)(2)).  "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or

---

[1]      Martinez-Velasquez is the lead petitioner and J.T. is a derivative beneficiary of his mother's asylum application.  J.T. did not file separate applications for withholding of removal or CAT relief.  *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT relief).

degrading treatment or punishment that do not amount to torture." *Al-Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir. 2001) (quoting 8 C.F.R. § 208.18(a)(2)), *amended by* 355 F.3d 1140 (9th Cir. 2004). In other words, "[t]orture is 'more severe than persecution.'" *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (citation omitted).

Martinez-Velasquez's sole alleged past harm arises from a gang member's death threat to her and her child when she refused to allow the gang to use her small business for a "job" because she did not want to be an accomplice to criminal activity. Martinez-Velasquez was not physically harmed and received no additional threats. This single past incident does not rise to the "extreme form of cruel and inhuman treatment." *Al-Saher*, 268 F.3d at 1147. Nor does the record compel the conclusion that, if removed, Petitioners likely would suffer torture in the future. Martinez-Velasquez does not offer any evidence to establish a particularized risk of harm to her, and generalized evidence of crime and violence in El Salvador is insufficient. *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021). Nor does Martinez-Velasquez point to any evidence showing that the Salvadoran government would acquiesce to her torture. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

2.     Substantial evidence also supports the BIA's determination that Martinez-Velasquez failed to meet her burden of establishing that the threat she received occurred on account of her membership in her claimed particular social group of "Salvadorian women opposing gang violence/dominance." To be eligible for asylum, a petitioner must show that an asserted protected ground was "one central reason" for her persecution, 8 U.S.C. § 1158(b)(1)(B)(i), while a withholding of removal claim requires that the protected ground was at least "a reason" for persecution, 8 U.S.C. § 1231(b)(3)(C); *see Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (holding that withholding of removal has a "less demanding" standard). Under either standard, substantial evidence supports the BIA's determination that Martinez-Velasquez was targeted because she owned a restaurant that gang members sought to utilize for criminal activity and was threatened because she refused their demands. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) (upholding an agency finding that a noncitizen's persecutors were motivated only by money, and therefore not by any protected ground).

3.     Because Martinez-Velasquez failed to exhaust her administrative remedies regarding challenges to (1) the IJ's determination that her past harm did not rise to the level of persecution, (2) the IJ's determination that her fear of future persecution was not objectively reasonable, and (3) the IJ's determination that she

4

did not meet her burden to prove that the government was unwilling or unable to protect her, she has forfeited our review of those issues. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (noting that 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule but that principles of waiver and forfeiture apply to a failure to exhaust an issue before the BIA (citing *Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 423 (2023))). Nor has she raised any challenge to those issues on appeal. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that issues not specifically raised and argued in a party's opening brief are forfeited).

**PETITION DENIED.**