NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ALBERTO PEREZ-PEREZ; M.E.P.-B.; AURY FABIOLA BARRERA-GODOY; M.N.P.-B., | No. 23-4240 |
| | Agency Nos. |
| Petitioners, | A220-454-951 |
| | A220-454-952 |
| v. | A220-939-540 |
| | A220-939-541 |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025**
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

Luis Alberto Perez-Perez, his wife Aury Fabiola Barrera-Godoy, and their

two children, M.E.P.-B. and M.N.P.-B. ("Petitioners"), are natives and citizens of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guatemala.[1]  Petitioners seek review of the Board of Immigration Appeals'

("BIA") order affirming an Immigration Judge's ("IJ") denial of their applications

for asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the

petition.[2]

Where, as here, the BIA cites *Burbano* and provides its own review of the

evidence and the law, this court reviews both the IJ's and the BIA's decisions.  *See*

*Ali v. Holder,* 637 F.3d 1025, 1028 (9th Cir. 2011) (citation omitted).  "We review

factual findings for substantial evidence and legal questions de novo."  *Guerra v.*

*Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted).  In reviewing for

substantial evidence, we "treat the BIA's determinations as conclusive unless any

reasonable adjudicator would be compelled to conclude to the contrary."

*Lawrence v. Holder*, 717 F.3d 1036, 1038 (9th Cir. 2013) (quotation marks and

citation omitted).

---

[1] Perez-Perez is the lead petitioner, and his wife and children are listed as derivative beneficiaries on his asylum application.  Barrera-Godoy and M.N.P.-B. also filed separate applications for asylum, withholding of removal, and protection under Convention Against Torture ("CAT") based on the same set of events experienced by Perez-Perez.

[2] In a separate published opinion filed concurrently with this memorandum disposition, we address Respondent's request to amend the case caption to remove the names of Barrera-Godoy, M.N.P-B, and M.E.P.-B. as petitioners.

1. Substantial evidence supports the BIA's determination that Petitioners failed to meet their burden of establishing that the harms Perez-Perez suffered were on account of a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (requiring that an asylum applicant demonstrate that a protected ground was "one central reason" for their persecution). Petitioners proposed several particular social groups, including "restaurant workers in Guatemala," "perceived business owners in Guatemala," "Guatemalans who have disobeyed gang orders," "perceived business owners who have disobeyed gang orders," "immediate family of Luis Alberto Perez-Perez," and "small business workers in Guatemala." Without reaching the cognizability of these groups, the IJ found that there was "insufficient evidence . . . to find that the persecutors were motivated by anything beyond general greed and violence which would not be a protected ground." The BIA affirmed the IJ's determination, and the record does not compel a contrary conclusion.

Regarding the extortion call to Perez-Perez on his personal phone, Perez-Perez only testified that the caller knew his name and that he believed he was targeted by the unknown caller "[b]ecause [he] worked at a Chinese express restaurant in Guatemala," so "[t]hey thought [he] had money." The record is similarly silent as to the motives of the other unknown individuals who targeted Perez-Perez while he worked at another restaurant and purchased goods in Guatemala City. Substantial evidence supports the agency's determination that the

individuals who targeted Perez-Perez were motivated only by general criminal intent. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A noncitizen's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) ("Where the record indicates that the persecutor's actual motivation for threatening a person is to extort money from a third person, the record does not compel finding that the persecutor threatened the target because of a protected characteristic such as family relation.").

2. Perez-Perez's argument that the IJ improperly conflated the nexus standards for asylum and withholding of removal is not supported by the record. The IJ analyzed nexus under the less stringent "a reason" standard for claims of withholding of removal, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017)*,* but concluded that "[e]ven under this lower nexus standard," Perez-Perez "has not established that his fear of harm in the future would be connected to a protected ground." Because the agency reasonably determined that the individuals who targeted Perez-Perez were motivated solely by "general greed and violence," it did not err in concluding that its no-nexus determination foreclosed Petitioners' eligibility for both asylum and withholding of removal claims. *See id.* at 360 (explaining that the absence of evidence supporting nexus is dispositive of both

asylum and withholding of removal).

3.  As to CAT protection, substantial evidence supports the agency's determination that the harm Perez-Perez experienced was not particularly severe and falls far short of constituting torture.  *See Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020).  Nor does the record, including country conditions evidence, compel the conclusion that Petitioners face a particularized threat of torture if returned to Guatemala.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**